IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

**DAVID KASTNER,**
an individual

      Plaintiff,

vs.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**
a Florida Profit Corporation

      Defendant.
_____/

CASE NO.:
DIVISION:

## AMENDED COMPLAINT

Plaintiff, DAVID KASTNER ("Plaintiff"), by and through his undersigned counsel, hereby file this lawsuit against Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, Florida Profit Corporation ("Defendant"), and demand a trial by jury of all claims alleged herein. In support of this lawsuit, Plaintiffs state as follows:

## GENERAL ALLEGATIONS

1. Plaintiff resides in Jacksonville, Duval County, Florida, and is the owner of the residential property located at 10469 Greenmore Dr, Jacksonville, FL 32246. (Hereafter the "Property") that is the subject of these claims and lawsuit.

2. Defendant is a Florida Profit Corporation that is authorized to do business in the State of Florida, including Duval County, Florida. More specifically, Defendant is an insurance company that issues and sells homeowners insurance policies to residents in Duval County, Florida, including the Plaintiff.

3. Jurisdiction and venue are proper in this Court, and in Duval County, Florida.

4. Defendant issued a policy of homeowner insurance to Plaintiff bearing policy number: H32-251-332370-10 0 5 for the Property, attached as "Exhibit A".

5. Defendant is in exclusive control of the complete and applicable homeowner's insurance policy.

6. On or about February 12, 2021, Plaintiff and the Property sustained damage as a result of water damage.

7. The insurance policy issued by Defendant was in full force and effect on the above-referenced date of loss.

8. Plaintiff paid money to Defendant for the insurance policy in order to cover the damages to Plaintiff and the Property that was damaged as a result of the water damage, and other covered perils.

9. The damage to the Plaintiff and to the Property that is the subject of this lawsuit is a covered loss or peril under the insurance policy.

10. The losses and damages to the Plaintiff and the Property were reported to Defendant.

11. Defendant assigned claim number 044884145-01, and Defendant assigned an insurance adjuster to adjust these losses.

12. Before filing this lawsuit, Defendant, and/or its agents, were allowed to inspect the Property and the damages.

13. Before filing this lawsuit, Defendant, and/or its agents, did in fact complete inspections of the Property and the damages.

14. Before filing this lawsuit, Plaintiff provided Defendant with a detailed and itemized estimate of the damages and repair recommendations.

15. Despite having received detailed and itemized damage estimates and repair recommendations to the Property, Defendant has refused, and continues to refuse, to fully cover and pay for the damages to the Property.

16. Before filing this lawsuit, Plaintiff provided Defendant with multiple opportunities to fully cover this loss and to pay for the repairs to the Property.

17. Because of Defendant's refusal to fully cover and pay for the damages to the Property owed under the insurance policy, it has become necessary for Plaintiff to retain legal counsel and incur attorneys' fees and litigation costs in connection with this lawsuit.

18. Therefore, Defendant is obligated to pay for Plaintiff's attorneys' fees and costs pursuant to sections 627.428, 57.041, and 92.23 of the Florida Statutes.

19. Plaintiff has complied with all conditions precedent to entitle them to recover under the insurance policy, or in the alternative, such conditions have been waived or excused from performance because of the representations, omissions, and/or conduct of Defendant.

## COUNT I: BREACH OF CONTRACT

20. Plaintiff reincorporates paragraphs 1 through 19 as if fully set forth herein.

21. This is a claim for damages in excess of $30,000, not including attorneys' fees, interest, and litigation costs.

22. The Property has sustained physical damage as a result of a peril that is a covered loss or peril under the insurance policy purchased by Plaintiffs and issued by Defendant.

23. Plaintiff has made a claim and application for insurance benefits to Defendant under the insurance policy.

24. Defendant has materially breached the insurance policy, or insurance contract, by failing and refusing to timely pay the full benefits and amounts owed under the insurance policy.

25. As a direct result of Defendant's material breaches of the insurance policy, Plaintiff has suffered and continue to suffer damages, including but not limited to compensatory damages, consequential damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant and to award Plaintiff compensatory damages, consequential damages, pre-judgment interest, post-judgment interest, and attorneys' fees and litigation costs (including expert witness fees and costs) pursuant to sections 627.428, 627.70131, 57.041, and 92.231 of the Florida Statutes, and as may otherwise be allowed by any other statute, rule, or contract provision.

## COUNT II: DECLARATORY ACTION

26. Plaintiff reincorporates paragraphs 1 through 19 as if fully set forth herein.

27. Plaintiff contends that the losses and claims at issue are covered under the insurance policy.

28. Plaintiff seeks this Court's determination of the existence or non-existence of Plaintiff's rights under the insurance policy in light of Defendant's refusal to pay the claims and its denial of coverage, in whole or in part, under the insurance policy.

29. Specifically, Defendant has asserted that the claims are not covered, in whole or in part, and/or are subject to exclusions under the insurance policy, and/or that the claims are not covered, in whole or in part, based upon its interpretation of other policy provisions, terms, or conditions.

30. Plaintiff contends that the claims are covered and are not excluded under the insurance policy.

31. Although Plaintiff contends that Defendant's denials of coverage are improper, Plaintiff has an actual present and practical need for a declaration of rights under the insurance policy pursuant to the Florida Statutes.

32. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual, bona-fide controversy between the parties that requires judicial interpretation as to whether coverage is owed under the subject insurance policy.

WHEREFORE, Plaintiff respectfully requests that a declaratory judgment be entered against Defendant declaring that the claims and damages to the Property are covered under the insurance policy; that Plaintiff is entitled to the benefits and compensation under the insurance policy; and awarding Plaintiff's attorneys' fees and litigation costs (including expert witness fees and costs) pursuant to sections 627.428, 627.70131, 57.041, and 92.231 of the Florida Statutes, and as may otherwise be allowed by Florida's Declaratory Judgment Act, or any other statute, rule, or contract provision.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**THE LAW OFFICE OF NOONEY, ROBERTS, HEWETT, & NOWICKI**

/s/ *Zachary M. Taylor*
**Zachary M. Taylor, Esq.**
Florida Bar No. 1025725
Ztaylor@nrhnLaw.com
**Kristopher M. Nowicki, Esq.**
Florida Bar No. 89175
Kowicki@nrhnLaw.com
1680 Emerson Street
Jacksonville, FL 32207
Telephone: (904) 309-8616
Facsimile: (904) 858-9943